IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN J. CHESKIEWICZ, a minor by his parents and natural guardians, ALLAN J. CHESKIEWICZ AND RITA M. CHESKIEWICZ, in their own right | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>: |
| v. | :<br>: |
| AVENTIS PASTEUR, INC., individually and as a successor in interest to CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX and PASTEUR MERIEUX CONNAUGHT; GLAXOSMITHKLINE, individually and as a successor in interest to SMITHKLINE BEECHAM CORP.; WYETH, individually and as a successor in interest to AMERICAN HOME PRODUCTS, CORP. d/b/a WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLE VACCINES AND LEDERLE LABORATORIES;[1] MERCK & COMPANY, INC.;[2] PFIZER, INC., a subsidiary of WARNER LAMBERT, individually and as a successor in interest to PARKE-DAVIS, INC.; ABBOTT LABORATORIES;[3] ELI LILLY & COMPANY; SIGMA-ALDRICH, INC.,; AMERICAN INTERNATIONAL CHEMICAL, INC.,; and JOHN DOES 1-10 | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 02-3583 |

---

[1] Warner Lambert and its associated entities were voluntarily dismissed on June 13, 2002.

[2] Merck was voluntarily dismissed on July 8, 2002.

[3] Abbott Laboratories was voluntarily dismissed on July 29, 2002.

1

**MEMORANDUM AND ORDER**

Norma L. Shapiro, S.J.                                           August 15, 2002

    Defendants, removing this products liability action from the Court of Common Pleas of Philadelphia, asserted the court has jurisdiction under 28 U.S.C. § 1332, diversity of citizenship. Plaintiffs are citizens of Pennsylvania. Among the many defendants, two, GlaxoSmithKline and Aventis Pastuer, Inc. ("Aventis"), together with up to ten "John Doe" corporations, are also citizens of Pennsylvania. The remaining defendants are citizens of jurisdictions other than Pennsylvania.

    On reviewing the Notice of Removal, the court <u>sua sponte</u> set a hearing on a Rule to Show Cause regarding jurisdiction. The plaintiffs, then moving to remand, asserted that the court lacked subject matter jurisdiction in the absence of complete diversity. Defendants responded that the citizenship of GlaxoSmithKline, Aventis, and the "John Doe" corporations should be disregarded because they are "sham" defendants.

    After hearing argument, and considering the briefs, the plaintiffs' Motion to Remand will be granted.

I.    **Factual Allegations of Plaintiffs' Complaint**

    Plaintiff Alan J. Cheskiewicz (referred to in the complaint as "A.J.") was born on May 15, 1994. On December 7, 1995, he was administered fourteen doses of various vaccines at the offices of

his pediatrician in Havertown, Pennsylvania. These vaccines allegedly contained an "adulterant," Thimerosal, which allowed the vaccine manufacturers to package vaccines in multi-dose vials. Thimerosal allegedly contains unsafe amounts of mercury; it has since been removed from all vaccines intended for infants in the United States.

A.J. "began to regress" from age-appropriate developmental milestones shortly after December, 1995; he is now diagnosed with "disintegrative autism or Autism Spectrum Disorder (ASD) caused by mercury toxicity."

Plaintiffs assert eight state law claims for relief: (1) strict liability - manufacturing; (2) strict liability - failure to warn; (3) negligence - manufacturing, marketing, sale; (4) breach of implied warranty of merchantability; (5) breach of express warranty; (6) fraud; (7) gross negligence/punitive damages; and (8) adult plaintiffs' claims for medical expenses.

II. **Subject Matter Jurisdiction**

Removal premised on diversity of citizenship fails where one of the removing defendants is non-diverse unless: (1) there is a federal question; or (2) the non-diverse defendant was joined fraudulently. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992) ("When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal

question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined.").

No federal question appears on the face of the plaintiffs' complaint. At oral argument, defendants expressly disclaimed any argument that the National Childhood Vaccine Injury Act ("the Vaccine Act"), 42 U.S.C. § 300aa, *et seq.*, creates a federal question.

As there is no federal question, the defendants must show that Aventis and GlaxoSmithKline, the non-diverse defendants, have been fraudulently joined. Their burden is "heavy." Batoff, 977 F.2d at 851; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

> Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment.' But, 'if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'

Batoff, 977 F.2d at 851 (citations omitted); see also Boyer, 913 F.2d at 111.

In deciding whether the non-diverse defendants were properly joined, the court must concentrate on "the plaintiff's complaint at the time the petition for removal was filed," Batoff, 977 F.2d

4

at 851, "assume as true all factual allegations of the complaint," id. at 852, and resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. Id.

Most significantly here:

> [W]here there are colorable claims or defenses asserted against or by diverse and non-diverse defendants alike, the court may not find that the non-diverse parties were fraudulently joined based on its view of the merits of those claims or defenses. Instead, that is a merits determination which must be made by the state court.

Boyer, 913 F.2d at 113; see also Chesapeake & O. R. Co. v. Cockrell, 232 U.S. 146, 153 (1914) (where defenses of non-diverse individual employees and diverse railroad were identical, finding of fraudulent joinder was not appropriate).

Defendants assert that GlaxoSmithKline and Aventis are "sham" defendants because the Vaccine Act prohibits a civil action for damages arising from a vaccine related injury unless a petition for compensation has first been filed in the Vaccine Court. In support of this argument, defendants assert the following facts, which do not appear in plaintiffs' complaint:

1. On July 3, 2002, the Vaccine Court has issued Autism General Order #1, which "authorizes a form petition," that would allow individuals like the plaintiffs to present claims arising out of thimerosal-contamination of vaccines;

2. The Secretary of Health and Human Services ("HHS") has previously defined preservatives as "constituent materials" of vaccines.

Defendants, relying on district court cases from Florida, Texas and Mississippi, assert that claims arising from Thimerosal poisoning are covered by the Vaccine Act. See, e.g., McDonald v. Abbott Labs., 02-77 (S.D. Miss. Aug. 1, 2002) (dismissing claims against all defendants under Vaccine Act); Collins v. Am. Home Prods. Corp., 01-979 (S.D. Miss. Aug. 1, 2002) (vacating earlier remand on reconsideration and holding that recent actions by vaccine court compelled conclusion that plaintiffs had no independent claim for Thimerosal related injuries); Stewart v. Am. Home Prods. Corp., 02-427 (S.D. Miss. Aug. 1, 2002) (denying motion to remand and granting motion to dismiss); Owens v. Am. Home Prods. Corp., 203 F. Supp. 2d 748 (S.D. Tex. 2002) (dismissing claims against plaintiffs under the Vaccine Act); Demos v. Aventis Pasteur, Inc., 01-4504 (S.D. Fla. Mar. 21, 2002) (same).

The defendants attempt to distinguish three unpublished federal district court cases granting motions to remand under similar fact patterns. See, e.g., King v. Aventis Pasteur, Inc., 2002 U.S. Dist. LEXIS 12821 (D. Or. June 7, 2002); Doherty v. Aventis Pasteur, Inc., 2002 U.S. Dist. LEXIS 9596 (N.D. Cal. May 15, 2002); Garcia v. Aventis Pastuer, Inc., No. 02-0168C (W.D. Wash. Apr. 22, 2002).[4]

---

[4]The defendants disrespectfully conclude their attack on these opinions with the following questionable remark:
(continued...)

But arguments about the scope of the Vaccine Act, and the import of events occurring after the filing of the removal petition, are irrelevant because the defendants' arguments about the effect of the Vaccine Act on plaintiffs' claims are not unique to GlaxoSmithKline and Aventis, the non-diverse defendants, but are instead general to all removing defendants. Each is a manufacturer of a vaccine or Thimerosal having allegedly impacted the plaintiffs, and each will have the same opportunity to assert the Vaccine Act as a defense to plaintiffs' claims.  However meritorious those defenses may be, they are not unique to the non-diverse parties.  Their disposition "is a merits determination which must be made by the state court." Boyer, 913 F.2d at 113.   Plaintiffs' Motion to Remand will be granted.

---

[4](...continued)
   If a candidate for the bar exam were not to
   address [certain arguments supporting their
   position]  in an essay answer, he would not be
   practicing law.  Def. Op. to Rem. at 20.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALAN J. CHESKIEWICZ, a minor by his parents and natural guardians, ALLAN J. CHESKIEWICZ AND RITA M. CHESKIEWICZ, in their own right** | : CIVIL ACTION<br>:<br>:<br>:<br>:<br>: |
| v. | : |
| **AVENTIS PASTEUR, INC.**, individually and as a successor in interest to **CONNAUGHT LABORATORIES, INC., PASTEUR MERIEUX** and **PASTEUR MERIEUX CONNAUGHT**; **GLAXOSMITHKLINE**, individually and as a successor in interest to **SMITHKLINE BEECHAM CORP.**; **WYETH**, individually and as a successor in interest to **AMERICAN HOME PRODUCTS, CORP.** d/b/a **WYETH, WYETH LABORATORIES, WYETH-AYERST, WYETH-AYERST LABORATORIES, WYETH LEDERLE, WYETH LEDERLE VACCINES** AND **LEDERLE LABORATORIES**; **MERCK & COMPANY, INC.**; **PFIZER, INC.**, a subsidiary of **WARNER LAMBERT**, individually and as a successor in interest to **PARKE-DAVIS, INC.**; **ABBOTT LABORATORIES**; **ELI LILLY & COMPANY**; **SIGMA-ALDRICH, INC.**,; **AMERICAN INTERNATIONAL CHEMICAL, INC.**,; and **JOHN DOES 1-10** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 02-3583 |

### ORDER

AND NOW, this 15th day of August, 2002, for the reasons given in the foregoing memorandum, it is **ORDERED** that:

1. Plaintiffs' Motion to Remand (#19) is **GRANTED**. Under 28 U.S.C. § 1447(c), this action is **REMANDED** for lack of diversity jurisdiction to the Court of Common Pleas of Philadelphia **FORTHWITH**.

2. The pending Pro Hoc Vice motions (#18 and #20) are **DENIED AS MOOT**.

3.   The clerk of court shall mark this action closed for
     statistical purposes.

                                                                                                       _____

                                                                                                          Norma L. Shapiro, S.J.